IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


ROY PENDLETON,                      :

        Plaintiff,                 :

vs.                                 :   CIVIL ACTION 04-0106-CG-M

REGION III NORTHEAST                :
MENTAL HEALTH,
                                    :

        Defendant.


REPORT AND RECOMMENDATION


    Plaintiff, proceeding *pro se*, filed a complaint (Doc. 1),
together with a Motion to Proceed Without Prepayment of Fees
(Doc. 2).  This action was referred to the undersigned
pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule
72.2(c)(1)[1] for appropriate action, and is now before the
Court for Plaintiff's failure to comply with the Court's Order
and to prosecute this action (Doc. 5).

    After Plaintiff's Motion to Proceed Without Prepayment of
Fees was granted (Doc. 3), the Court sent a waiver of service
of summons to Defendant at the address provided by Plaintiff,
2434 S. Eason Blvd., Tupelo, Mississippi 38804-0404.  The
Court did not receive an executed waiver of summons form from

---

[1]Local Rule 72.2(c)(1) refers non-dispositive pretrial
matters to the Magistrate Judges.

Defendant, and the Court did not receive any return mail from

the postal officials.  Thereupon, the Court examined its file

to determine if the address to which it sent the waiver of

service of summons was a correct address.  The Court concluded

that it had sent the waiver to the address it had been given

and had found another address for Defendant in the file in the

charge of discrimination attached to the complaint, 920 Boone

Street, Tupelo, Mississippi 38804 (Doc. 1, attachment).

Plaintiff was then ordered to advise the Court by August 20,

2004, which address was the correct address so the Court could

send the waiver of service of summons to Defendant at that

address.

Plaintiff was warned that his failure to advise the Court

of Defendant's correct address within the prescribed time

would result in the dismissal of this action without

prejudice.  Plaintiff was further warned that a dismissal of

this action without prejudice would effectively be a dismissal

with prejudice because an action based on his alleged wrongful

termination by Defendant must be brought within 90 days of

receipt of the EEOC's notice dated November 21, 2003 (Doc. 1,

attachment) and the 90 days had elapsed.  Thus, Plaintiff

would be barred from bringing his action again.  Plaintiff,

however, has not responded to the Court's Order, nor has his

copy of the Court's Order been returned to the Court.

Therefore, due to Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1985). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied*, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.    **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the

4

DONE this 12th day of May, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE